USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _5/11/2018_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH GRIGOLI,

Plaintiff,

-against-

42 U.S.C. §654(3) CHILD SUPPORT
ENFORCEMENT DIVISION; COLUMBIA
COUNTY,

Defendants.

---

18-CV-3672 (NSR)

ORDER OF DISMISSAL

NELSON S. ROMÁN, United States District Judge:

Plaintiff brings this *pro se* action, for which the filing fee has been paid, alleging that Defendants violated his constitutional rights. For the reasons stated below, the Court dismisses the complaint with leave to replead within thirty days of the date of this order.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of

Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id.* (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff's complaint does not make a short and plain statement showing that he is entitled to relief. District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court dismisses Plaintiff's complaint on immunity grounds and as frivolous and for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), but, in an abundance of caution, grants him leave to replead his claims.

## BACKGROUND

Plaintiff's complaint is not the model of clarity, but it appears that Plaintiff brings this action in an attempt to challenge a child support order. Plaintiff brings this action against "42

U.S.C. §654(3) Child Support Enforcement Division" and Columbia County, alleging that this action "is a 'lawsuit' based on concrete facts that 2 Persons under color of 42 U.S.C. Public Health and Welfare deprived Grigoli of his inherent and indefeasible rights, privileges, and immunities secured by the Constitution and Laws, and his life liberty and property without due process of law." (Compl. at 1.) Plaintiff seeks to have this Court

> "set right this undesirable and unfair situation, the current CSED IV-D Collections Case # 12318, and 62876 shall terminate effective immediately, and Grigoli shall no longer [be] required to pay the 42 U.S.C. § 654(3), or the 45 CFR § 302.34 and he shall be let alone from their intrusion into his private and professional life and his inherent and indefeasible rights, privileges, and immunities shall be restored, and he shall care for his seed in private as he created them."

(*Id.* at 19-10.)

## DISCUSSION

### A. Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.

574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

### 1. Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff's complaint appears to assert a claim that, by ordering him to pay child support, Defendants have violated his constitutional rights. The Court construes Plaintiff's allegations as asserting a procedural due process claim. "The Due Process Clause only protects "against deprivations without due process of law." *Rivera–Powell v. N.Y. City Board of Elections*, 470 F.3d 458, 464 (2d Cir. 2006) (quoting *Parratt v. Taylor*, 451 U.S. 527, 537 (1981)). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (citations omitted). Determining whether the process provided is adequate requires a weighing of: (1) the private interest affected; (2) the risk of erroneous deprivation and the probable value of further safeguards; and (3) the governmental interest at issue. *See Rivera–Powell*, 470 F.3d at 466 (citing *Mathews v. Eldridge*, 424 U.S. 319, 355 (1976)).

Generally, some kind of pre-deprivation process must be provided before liberty or property rights are infringed upon. *See Hodel v. Va. Surface Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264, 299 (1981); *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003). Where a person is deprived of a property right because of a random and unauthorized act, rather than through the operation of established state procedures, the Due Process Clause is satisfied if the state provides an adequate postdeprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that a "random and unauthorized" deprivation of a protected interest does not result in a violation of procedural due process, as long as the state provides an adequate postdeprivation remedy); *Rivera–Powell*, 470 F.3d at 465 (holding that "[w]hen the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides meaningful post-deprivation remedy.").

Moreover, the state must simply make an adequate procedural remedy available to the plaintiff; the plaintiff need not have availed himself of that remedy. *See, e.g., McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco*, 496 U.S. 18, 38-39 & n.21 (1990) ("The availability of a pre-deprivation hearing constitutes a procedural safeguard against unlawful deprivations sufficient by itself to satisfy the Due Process Clause, and [litigants] cannot complain if they fail to avail themselves of this procedure." ).

Because Plaintiff does not allege that the available pre- and post-deprivation remedies were, or are, in any way inadequate, his due-process claim fails and must therefore be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## 2. Diversity Jurisdiction

In his complaint, Plaintiff fails to allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that he and the defendant are citizens of different states. *Wis. Dep't of Corr. v.*

*Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff, a citizen of New York, brings this action against Defendants, located in New York, seeking reversal of a child support order. Because Plaintiff and Defendants are located in the same state, the Court lacks diversity jurisdiction over his claims.[1]

### 3. *Rooker-Feldman* Doctrine

Federal courts lack subject matter jurisdiction to review cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine – named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

---

[1] The United States Supreme Court reaffirmed in *Ankenbrandt v. Richards*, 504 U.S. 689 (1992), the continued validity of the domestic relations exception that divests federal courts of jurisdiction "to issue divorce, alimony and child custody decrees." *Id.* at 703-04. Where the allegations in the complaint do not request the Court to issue a divorce, alimony, or child custody decree, however, "the suit is appropriate for the exercise of § 1332 jurisdiction given the existence of diverse citizenship . . . and the pleading of the relevant amount in controversy."*Id.* at 706-707.

Here, Plaintiff could be understood as complaining that the child support order violates his rights. If so, then Plaintiff's claim is for an injury "caused by the state-court judgment." *Exxon*, 544 U.S. at 284. Plaintiff cannot ask this Court to review and reject the child support order. The *Rooker-Feldman* doctrine bars this Court from hearing such a challenge to the child support order. *See Remy v. New York State Dep't of Tax. and Finance*, 507 Fed. App'x 16, 18 (2d Cir. 2013) ("*Rooker-Feldman* doctrine barred father's § 1983 action challenging state court's child support orders and state agencies' enforcement efforts arising from those orders. . . .")

### 4.    Pending State-Court Proceedings

To the extent that Plaintiff seeks to have this Court intervene in any pending state-court proceedings, the Court must dismiss those claims. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Heicklen v. Morgenthau*, 378 F. App' x 1, 2 (2d Cir. 2010) (quoting *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973)). This doctrine has been extended to civil actions. *See Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006); *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) ("*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." ).

*Younger* abstention seeks to avoid federal court interference with ongoing state criminal prosecutions, state-initiated civil enforcement proceedings, and state civil proceedings that involve the ability of state courts to perform their judicial functions. *Jones v. Cnty. of Westchester*, 678 F. App'x 48, 49-50 (2d Cir. 2017) (summary order). Abstention is appropriate in only three categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that

7

implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013).

If a "federal lawsuit implicates the way that New York courts manage their own . . . proceedings — a subject in which "the states have an especially strong interest" — a State's interest is most likely implicated, warranting abstention under *Younger*. *Falco v. Justices of the Matrimonial Parts of Supreme Court of Suffolk Cty.*, 805 F.3d 425, 427 (2d Cir. 2015) (quoting *Phillips, Nizer, Benjamin, Krim & Ballon v. Rosenstiel*, 490 F.2d 509, 516 (2d Cir. 1973)). When any of these types of proceedings are pending in state court, the *Younger* doctrine bars federal courts from ordering injunctive relief that interferes with the state court proceedings. "State proceedings are pending for *Younger* purposes until all appellate court remedies have been exhausted." *People United for Children, Inc. v. City of New York*, 108 F. Supp. 2d 275, 290 n.6 (S.D.N.Y. 2000).

Plaintiff's request that this Court intervene in his child support collections case by refunding his money implicates how the state court manages its proceedings. *Younger* abstention therefore applies, and this Court does not have jurisdiction over this action. *Falco*, 805 F.3d at 428.

## B. Proper Parties

In addition to the aforementioned deficiencies, Plaintiff also fails to name proper Defendants.

### 1. Eleventh Amendment

Plaintiff's claims against the Child Support Enforcement Division must be dismissed. As an "arm of the state," Plaintiff's claims against this Defendant are barred by the Eleventh Amendment. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states'

Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009).

"The immunity recognized by the Eleventh Amendment extends beyond the states themselves to

state agents and state instrumentalities that are, effectively, arms of a state." *Id.*; *see also*

*Cincotta v. N.Y.C. Human Res. Admin.*, No. 00-CV-9064 (JGK), 2001 WL 897176, at *9

(S.D.N.Y. Aug. 9, 2001) (holding that the OTDA is an "arm of the state" for Eleventh

Amendment purposes). New York has not waived its Eleventh Amendment immunity to suit in

federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983.

*See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Plaintiff's claims against the Child Support Enforcement Division therefore barred by the

Eleventh Amendment and must be dismissed with prejudice on immunity grounds and as

frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir.

1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are

immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

### 2.  Municipal Liability

Plaintiff's claims against Columbia County are not barred by the Eleventh Amendment.

*See Johnson v. State of New York, Monroe Cnty. Child Support Enforcement Unit*, 21 Fed. App'x

41, 43 (2d Cir. 2001) (citing *Mancuso v. N.Y.S. Thruway Auth.*, 86 F.3d 289, 292, 296 (2d Cir.

1996) (holding local government entities, including counties, are not protected from suit by the

Eleventh Amendment)).

To sustain an action under 42 U.S.C. § 1983 against Columbia County and its agents,

however, Plaintiff must show that he was deprived of a constitutional right by a municipal policy

or custom. *Id.* When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff

to allege that one of the municipality's employees or agents engaged in some wrongdoing. The

plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See*

9

*Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).

In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven,* 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff has failed to allege the facts necessary to assert a municipal liability claim against Columbia County and its agents.

## C.    Leave to Replead

The Court grants Plaintiff leave to replead claims that he may be attempting to assert under § 1983. If Plaintiff seeks relief under § 1983, he must sufficiently detail his claims in accordance with the standards above. Plaintiff must name as the defendants in the caption,[2] and in the statement of claim, those individuals who were allegedly involved in the deprivation of his federal rights. And Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant he names. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and

---

[2] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

the body of the amended complaint.[3] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

Should Plaintiff replead his claims in an amended complaint, he must, to the greatest extent possible:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

---

[3] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further instructed to hold this matter open on the docket until a civil judgment is entered.

The Court dismisses with prejudice all claims against the Child Support Enforcement Division on immunity grounds and as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i), (iii). The Court also dismisses with prejudice Plaintiff's due process claims for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is granted leave to replead, within 30 days, claims that he may be attempting to assert under § 1983 against Columbia County and its agents.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within thirty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 18-CV-3672 (NSR). An Amended Complaint form is attached to this order. If Plaintiff fails to submit an amended complaint within the time allowed, and does not show good cause to excuse such failure, the Court will enter a civil judgment consistent with this order and direct the Clerk of Court to terminate this matter.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    May ○ / , 2018
          White Plains, New York

                                              NELSON S. ROMÁN
                                              United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____ _____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
          (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                  Middle Initial          Last Name

_____

Street Address

_____

County, City                         State              Zip Code

_____

Telephone Number                    Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name            Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City          State        Zip Code

Defendant 2: _____

First Name            Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City          State        Zip Code

Defendant 3: _____

First Name            Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City          State        Zip Code

Defendant 4: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.